UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK RISHELL,<br>    Plaintiff,<br>v.<br>MADLENE NENA ZAMORA, et al.,<br>    Defendants. | Case No. 15-cv-03817-DMR<br><br>**ORDER REASSIGNING CASE TO DISTRICT JUDGE; AND REPORT AND RECOMMENDATION TO GRANT IFP APPLICATION AND REMAND TO SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA**<br><br>Re: Dkt. No. 3 |

Defendants[1] removed this case pursuant to 28 U.S.C. § 1441 from Superior Court of California, County of Sonoma, where it was pending as a complaint for unlawful detainer. The Notice of Removal states one ground for removal: "The amount in controversy includes up to, but is not limited to, an actuary exceeding $75,000." Notice of Removal [Docket No. 1] at 3. Defendant Madlene Nena Zamora has also filed an application to proceed *in forma pauperis* ("IFP").

When a notice of removal is filed, the court must examine it "promptly," and, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4). Only Defendant Madlene Nena Zamora has filed a consent to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c); the remaining parties have filed neither consents nor declinations. Therefore, the court issues herein a Report and Recommendation and reassigns this case to a District Judge for final disposition, with the recommendation that the IFP application be granted and that summary remand be ordered.

---

[1] Defendants are Madlene Nena Zamora, Jesus Antonio Longoria, Luis Miguel Zamora, and Juan Jose Longoria.  Only Madelene Zamora has appeared.

## I.      IFP APPLICATION

Having evaluated Defendant Madlene Nena Zamora's financial affidavit, the court finds that she has satisfied the economic eligibility requirement of 28 U.S.C. § 1915(a) and therefore recommends that the IFP application be granted.  The court next turns to the issue of subject matter jurisdiction.

## II.     SUBJECT MATTER JURISDICTION

Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted).  After removal, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court.  28 U.S.C. § 1447(c).  The defendant bears the burden of establishing that removal is proper under 28 U.S.C. § 1441, and the statute is strictly construed against removal jurisdiction.  *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009).  In fact, "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

One basis for the court's subject matter jurisdiction is federal question jurisdiction, which "exists only when a federal question is presented on the face" of the plaintiff's well-pleaded complaint.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, n. 7 (1987) (citing 28 U.S.C. § 1331).  Relevant for purposes here, a federal question exists only when it is presented by what is or should have been alleged in the complaint.  *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002).  The implication of a federal question through issues raised by an answer or counterclaim does not suffice to establish federal question jurisdiction.  *Id.* at 831.

Another basis for the court's subject matter jurisdiction is diversity jurisdiction.  A district court has diversity jurisdiction where the parties are diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs."  28 U.S.C. § 1332.  "[I]n determining whether a challenged jurisdictional amount has been met, district courts are permitted only to assess the allegations in a complaint and not the validity of any asserted defenses . . . ."

*Ochoa v. Interbrew Am., Inc.*, 999 F.2d 626, 629 (2d Cir. 1993).  Potential defenses to all or part of a plaintiff's claim do not affect the amount in controversy.  *See Riggins v. Riggins*, 415 F.2d 1259, 1261-62 (9th Cir. 1969) (noting that statute of limitations defense might bar portion of relief sought did not affect amount in controversy).  Similarly, the amount in controversy is determined without regard to any counterclaim to which a defendant may be entitled.  *See Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977).

Defendants' statement regarding the grounds for removal is simply that "[t]he amount in controversy includes up to, but is not limited to, an actuary exceeding $75,000."  Notice of Removal at 3.  This is insufficient to establish either federal question jurisdiction or diversity jurisdiction.  The complaint that Plaintiff filed in Sonoma County Superior Court simply alleges a state cause of action under unlawful detainer.  Whatever Defendants intend to argue in response to this allegation does not give rise to federal question jurisdiction.  *See Holmes Group*, 535 U.S. at 831; *see also Nguyen v. Bui*, No. 12-501 HRL, 2012 WL 762156, at *2 (N.D. Cal. Feb. 21, 2012) (holding that affirmative defenses based upon federal law do not confer federal jurisdiction upon state unlawful detainer claim).  Furthermore, there is no allegation concerning the citizenship of the parties, and the face of the Complaint unequivocally demands an amount that "does not exceed $10,000," so the court does not have diversity jurisdiction over the matter.  Compl. at 1.

### III.   CONCLUSION

For the reasons above, the court recommends that Defendant Madlene Zamora's IFP application be granted and that this action be remanded to the Sonoma County Superior Court.  The Clerk is directed to reassign this case to a District Judge.

Any party may file objections to this report and recommendation with the district judge within 14 days after being served with a copy.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Cal. Civ. L.R. 72-2.

**IT IS SO ORDERED.**

Dated: August 26, 2015                    _____

Donna M. Ryu
United States Magistrate Judge